13-3998-cv
*Krasner v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fourteen.

PRESENT:
   JOSÉ A. CABRANES,
   CHESTER J. STRAUB,
   RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

---

GLENN KRASNER,

  *Plaintiff-Appellant*,

   v.            No. 13-3998-cv

THE CITY OF NEW YORK, THE FIRE DEPARTMENT OF THE CITY OF NEW YORK,

  *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**    STEWART LEE KARLIN, The Law Offices of Stewart Lee Karlin, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES:**    JONATHAN A. POPOLOW (Edward F.X. Hart, Adam E. Collyer, Allen Arthur Shoikhetbrod, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiff Glenn Krasner appeals from the District Court's judgment, entered September 24, 2013, granting summary judgment in favor of defendants the City of New York and the Fire Department of the City of New York[1] on Krasner's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999).

### I. Intentional Discrimination Claims

Krasner's first set of claims are premised upon allegations that the City terminated his employment because he suffers from Asperger's syndrome. Krasner's ADA and NYSHRL claims of disability discrimination are governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).[2] On appeal, Krasner argues that the District Court erred in holding that he

---

[1] Plaintiff does not challenge on appeal the District Court's dismissal of all claims against the Fire Department—a municipal agency—on the basis that the Fire Department is not a suable entity. We also do not consider plaintiff's claim predicated on the alleged denial of his request for a reasonable accommodation, insofar as plaintiff failed to brief the dismissal of these claims on appeal.

[2] Krasner emphasizes on appeal that his claim of disability discrimination under the NYCHRL is governed by a more lenient standard—namely, whether a reasonable jury could find the City liable under any evidentiary route: the *McDonnell Douglas* framework, a mixed-motive theory, or by direct or circumstantial evidence. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8, 112-13 (2d Cir. 2013) (establishing general considerations to guide federal courts reviewing NYCHRL claims). Even assuming this test is distinct from the federal standard, we conclude that his NYCHRL claim still fails because the record establishes as a matter of law that "discrimination play[ed] *no* role" in the City's actions. *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 38 (1st Dep't 2009); *see also Mihalik*, 715 F.3d at 113

failed to establish a *prima facie* case of discrimination because the evidence did not establish that he was "otherwise qualified" for his job.

We need not resolve whether Krasner established a *prima facie* case because the City sufficiently articulated a legitimate, nondiscriminatory explanation for his termination. *See U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). The evidence was undisputed that Krasner repeatedly engaged in serious misconduct, as evidenced by his extensive disciplinary history, which included instances of insubordination, use of profane language, and threats to co-workers of serious physical harm.[3] The fact that such aberrant behavior may be a result of Krasner's Asperger's is immaterial, inasmuch as "workplace misconduct is a legitimate and nondiscriminatory reason for terminating employment, even when such misconduct is related to a disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012); *see also Sista*, 445 F.3d at 172 ("The [ADA] does not require an employer to retain a potentially violent employee. Such a requirement would place the employer on a razor's edge—in jeopardy of violating the [ADA] if it fired such an employee, yet in jeopardy of being deemed negligent if it retained him and he hurt someone." (internal quotation marks omitted)).

The burden having shifted back to Krasner to provide competent evidence of pretext, he failed to raise a genuine factual dispute as to whether the City's justification for termination was pretextual. Accordingly, the District Court did not err in holding that Krasner failed to show that a rational juror could find that his termination was based on disability discrimination.

## II. Retaliation Claims

The District Court granted the City's motion for summary judgment on Krasner's retaliation claims because Krasner failed to establish a genuine dispute over whether his protected activity caused his termination. Retaliation claims under the ADA and NYSHRL are analyzed under the same burden-shifting framework. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Retaliation claims under the NYCHRL cover a broader range of conduct than their state and federal counterparts. In order "[t]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that [he] took an action opposing [his] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (internal citation omitted). We have instructed, however, that "a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by . . . retaliatory motives." *Id.* at 113.

---

(noting that "summary judgment is still appropriate in NYCHRL cases" when "the record establishes as a matter of law that a reasonable jury could not find the employer liable under any theory").

[3] An ALJ also made similar findings of misconduct, which the District Court held are entitled to preclusive effect under the doctrine of collateral estoppel. *See Leventhal v. Knapek*, 266 F.3d 64, 71-72 (2d Cir. 2001). Krasner does not challenge the District Court's application of this doctrine on appeal.

After review of the record and applicable case law, we conclude there is not a genuine dispute as to whether the defendants retaliated against plaintiff. Krasner claims he engaged in protected activity on two occasions. First, Krasner states that, on January 9, 2009, he called the Equal Employment Opportunity Unit of the Fire Department to report an outburst by a supervisor against him. Second, Krasner contends that, on February 25, 2009, he contacted this same unit to request an accommodation for his disability. The sole basis upon which Krasner relies to show that these events resulted in retaliation is temporal proximity with the formal presentation of proposed disciplinary charges on February 25, 2009.[4]

Although temporal proximity, by itself, can be sufficient to show causation, we have held that, as here, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). In addition, Krasner does not describe any of the circumstances surrounding his January 9, 2009 report, and his February 25, 2009 request occurred *after* the presentation of the proposed charges that same day. Accordingly, the District Court did not err in concluding that Krasner failed to put forth sufficient evidence of retaliation to survive summary judgment.

## CONCLUSION

We have considered all of the arguments raised by Krasner on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 24, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] We note at the outset the District Court's holding, uncontested by plaintiff on appeal, that a claim regarding the February 25, 2009 presentation of charges would be time-barred because it concerns conduct that took place more than 300 days before Plaintiff filed his June 17, 2010 EEOC complaint. Yet even assuming such events were not time-barred, plaintiff has still failed to show that a rational juror could conclude that the City's proffered reasons for termination were a pretext for retaliation.

4